UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARMAINE SANDIFER | CIVIL ACTION |
| VERSUS | NUMBER: 14-2523 |
| PATRICK R. DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | SECTION: "A"(5) |

### ORDER AND REASONS

Before the Court is the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, filed by Defendant, Patrick R. Donahue, Postmaster General for the United States Postal Service ("USPS"). (Rec. doc. 44). That motion is opposed by Plaintiff, Charmaine Sandifer ("Sandifer"). (Rec. doc. 49). A reply memorandum was filed by USPS (rec. doc. 52) and the Court heard oral argument on August 19, 2015. (Rec. doc. 53). After due consideration of the pleadings and argument of counsel, the Court rules as follows.

I. **BACKGROUND**

Sandifer is a female employee of USPS. She originally filed this lawsuit *pro se*. (Rec. doc. 5). Upon consideration of her motion to appoint counsel (rec. doc. 4), this Court appointed counsel to represent her. (Rec. docs. 21, 22). Shortly after being appointed, counsel sought leave to file a second amended complaint, which was granted. (Rec. docs. 23, 29).[1] That filing mooted a then-pending Rule 12(b)(6) motion that had been filed by the USPS in connection with Sandifer's two-page *pro se* Complaint. (Rec. doc. 18).

---

[1] Plaintiff's "first amended complaint" was never designated as such, as it was the result of her curing a deficiency notice in connection with her original *pro se* complaint. (Rec. doc. 5).

Sandifer's second amended complaint alleges that USPS is liable to her for intentional gender-based discrimination, hostile work environment and retaliation under 42 U.S.C. §1981; Title VII of the Civil Rights Act of 1964; 42 U.S.C. §2000e, *et seq.* and also alleges claims under 42 U.S.C. §12102, *et seq.* (The Americans with Disabilities Act ("ADA")). (Rec. doc. 36 at pp. 6-7).[2]

Sandifer's claims involve what she alleges was inappropriate conduct by her former supervisor, Dwayne Pressley ("Pressley"). She alleges that prior to becoming her direct supervisor but while he was employed by USPS, Pressley provoked "numerous inappropriate encounters" of a sexual nature, including inappropriately touching her, grabbing her hand, offering her financial support, asking if she was single, questioning her about her exercise routine and asking to "work out" together, all of which she interpreted as "romantic advances." (*Id.* at pp. 2, 6). She alleges that she rejected all such advances. (*Id.*). Moreover, Sandifer alleges that, upon becoming her direct supervisor, Pressley "began verbally abusing, taunting and systematically harassing Sandifer by threatening to fire her, yelling at her, and telling her that he would take away her job, rendering her unable to support her family." (*Id.* at p. 3). He is also alleged to have demanded she work overtime, despite being on medical restriction. (*Id.*). This conduct is said to have been in retaliation for Sandifer's having rejected Pressley's "romantic advances." (*Id.*).

Sandifer further alleges that she filed a complaint with the USPS against Pressley for this conduct in September 2010, which was resolved through a mediation agreement. (*Id.* at p. 4). She states that, shortly after signing the aforementioned mediation agreement, "Pressley progressively increased the frequency and intensity of his verbal assaults and

---

[2] USPS filed a separate motion to dismiss the §1981 and ADA claims, which Sandifer did not oppose. (Rec. doc. 40). The Court granted that motion on July 21, 2015. (Rec. doc. 43).

harassing behavior, in retaliation for Ms. Sandifer's complaints." (*Id.*). This conduct is described as:

> Pressley singl[ing] Ms. Sandifer out, humiliating her by forcing her alone to ask permission to use the restroom; he repeatedly yelled at her, without cause, while she was working at her station; and, despite knowing of her medical restrictions, he nevertheless forced her to work over the amount of time she was medically restricted to work, causing her to reinjure her back.

(*Id.*).

She claims to have filed yet another complaint with USPS "Equal Employment Opportunity ("EEO"),"

> alleging that she was subjected to a hostile work environment on the basis of sex and retaliated against for prior EEO complaints, that she was being excessively monitored, was required to ask for permission to use the restroom, was verbally abused and humiliated, was excessively stared at on the workroom floor, and was required to work hours beyond her known and documented medical restrictions.

(*Id.*).

Sandifer alleges that, during the pendency of this discrimination complaint and a lengthy appeal, Pressley continued to harass and berate her, causing her to suffer a "mental breakdown where she was forced to take a leave of absence from USPS due to the stress that Pressley caused." (*Id.* at p. 5). She alleges that she sought medical treatment from two doctors, who prescribed her anxiety medication and advised her that she should "stay away" from Pressley, her supervisor. (*Id.*). She claims that when she attempted to contact a supervisor to discuss instructions regarding her "medical restriction," Pressley intercepted the call and "screamed" at her, upsetting her so much that she again visited her doctors, who advised her to take a leave of absence. (*Id.*).

3

She alleges Pressley was removed as a supervisor at her station in March 2013. Finally, Sandifer alleges upon information and belief that:

> Pressley has had inappropriate relationships with other USPS employees. Those who refused Pressley's advances were treated in ways similar to Ms. Sandifer. Those who accepted his advances were given privileges that other similarly situated employees did not receive. USPS was well aware of Pressley's pattern of conduct and yet continued to subject Ms. Sandifer to the hostile and intolerable conditions visited upon her by Pressley's unrepentant and unremitting retaliatory and abusive behavior, prompted by her refusal to acquiesce to his romantic advances and by her complaints against him for his wrongful conduct.

(*Id.* at p. 6).

Not long after Sandifer's second amended complaint was filed, USPS filed the present Rule 12(b)(6) motion. (Rec. doc. 44). The motion seeks dismissal of Sandifer's gender-based hostile work environment claim. It does not seek dismissal of the retaliation claim. (*Id.*).

USPS makes a number of arguments in support of its motion to dismiss. First, it argues that some of the events she relies upon to support her hostile work environment claim are "untimely, unexhausted events." (Rec. doc. 44-2 at p. 4). It argues that Sandifer alleges certain events as part of her claim that pre-date her 2010 union grievance and that such events may not be used to support a claim in this lawsuit.

Second, it argues that Sandifer has not stated a claim for gender-based hostile work environment because she fails to allege plausible facts of actual and actionable gender-based harassment, as opposed to allegations of mere "sexual favoritism," which it claims are not actionable. (*Id.* at pp. 8-9). Further, USPS argues that, even taking Sandifer's allegations as true (which the Court must at this stage of the proceedings), she has failed to

4

allege harassment that "an objectively reasonable person in Sandifer's position would find to be so severe and pervasive as to alter actual terms, conditions and privileges of [] her employment." (*Id.* at p. 14).

Sandifer's opposition to the motion is straightforward. She argues that, under Federal Rule of Civil Procedure 8, she is only required to provide in her complaint "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (Rec. doc. 49 at pp. 2-3). She points out that almost every case cited by USPS in support of its motion was decided after trial or on summary judgment, as opposed to on a Rule 12(b)(6) motion. (*Id.*). Finally, she argues that she "unquestionably alleges facts that, if proven, true, satisfy the necessary criteria to allow [her] to have her day in court regarding her 'hostile work environment' claim." (*Id.*).

**II.    APPLICABLE LAW**

Except in certain specified cases, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 998 (2002). That Rule requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To survive a motion to dismiss under Rule 12, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). However, the complaint must allege enough facts to move the claim "across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  The court need not, however, accept as true legal conclusions couched as factual allegations.  *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.  *Id.*  The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 255-57.

The Supreme Court has rejected the argument that a Title VII complaint requires greater "particularity," because this would "too narrowly constric[t] the role of the pleadings."  *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283 n. 11, 96 S.Ct. 2574, 2580 n. 11 (1976).  Consequently, in employment discrimination cases, "the ordinary rules for assessing the sufficiency of a complaint apply."  *Swierkiewicz*, 534 U.S. at 511, 122 S.Ct. at 997 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974)("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims")).

Consequently, "an employment discrimination plaintiff need not plead a prima facie case" in order to survive a Rule 12 motion.  *Swierkiewicz*, 534 U.S. at 515, 122 S.Ct. at 999,

("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974))).

As noted, the inquiry for the Court here is whether the complaint contains factual allegations sufficient to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57. As to the claim that is the subject of the present motion, those elements are: (1) the employee belongs to a protected class; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and did not take proper remedial action. *See Wilkinson v. Potter*, 236 Fed.Appx. 892, 893 (5th Cir. 2007)(citing *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 873 (5th Cir. 1999)).[3]

### III.   SANDIFER'S GENDER-BASED HOSTILE WORK ENVIRONMENT CLAIM

In its motion and reply memorandum (and at oral argument), USPS focused on the second, third and fourth elements of Sandifer's claim in arguing that it should be dismissed on the pleadings. First, it makes a somewhat lengthy argument about certain events central to the claim being "untimely" and "unexhausted." At this stage of the proceedings, however, those arguments can be quickly disposed of, as there is no indication in the complaint or any way for this Court to determine based on the current record what, if any of the events, facts or complaints relied upon are either untimely or unexhausted. It is clear from the complaint there have been earlier proceedings of a sort (a complaint with USPS

---

[3] USPS correctly points out that where, as here, the alleged harasser is a supervisor, proof on the final element is not necessary. *Parker v. La. Dep't of Special Educ.*, 323 Fed.Appx. 321, 325 (5th Cir. 2009).

and apparently with the EEO), but it is impossible to determine to what extent, if at all, any of the extant complaints were or should have been raised in those proceedings. A determination of those issues will have to await discovery and fact-development.[4]

The second argument raised by USPS is in two parts: that Sandifer has failed to allege plausible facts to establish gender-based harassment and that her factual allegations do not rise to the level of "severe or pervasive" harassment sufficient to survive this motion. The Court will address these arguments in turn.

As to the argument that Sandifer fails to plausibly allege facts of gender-based harassment, USPS first notes (again) that she has failed to allege any "timely and exhausted" facts of sexually charged conduct. (Rec. doc. 44-2 at p. 8). Discovery may bear that out, but at this point the Court is constrained to consider that Sandifer did allege a series of inappropriate and unwelcome "romantic advances" in her complaint and that her rejection of those advances motivated Pressley to harass her, creating a hostile work environment. (Rec. doc. 36 at pp. 3, 6). Assuming they are true, these allegations are sufficient to satisfy Sandifer's pleading requirements as to whether there was gender-based harassment at some point in time by Pressley.

USPS also argues, somewhat convincingly, that Sandifer's hostile work environment complaint is actually a "sexual favoritism" or "paramour favoritism" claim of a type not recognized in the Fifth Circuit. (Rec. doc. 44-2 at pp. 8-9)(citing *Rowe v. Jewell*, --- F. Supp. 3d ---, 2015 WL 631350 at **16-17 (E.D. La. 2015); *Buenrostro v. Flight Safety Int'l., Inc.*, No.

---

[4] It appears from the complaint that <u>some</u> of the instances of harassment alleged may be unexhausted, as they may have occurred during or after the pendency of an EEO claim and/or appeal. However, the Court is unable to determine at this stage of the proceedings the extent to which that may be the case and USPS's conclusory argument to that effect does not convince the Court that her entire <u>claim</u> should be dismissed on that basis.

99-CV-0819, 2001 WL 674171 at *6 (W.D. Tex. Mar. 2, 2001), *adopted*, 2001 WL 685719 (W.D. Tex. Mar. 28, 2001).  It appears to the Court that this could be the case, but Sandifer adequately pleads gender-based harassment without reference to the favoritism allegations.  If, after discovery, it develops that the paramour favoritism theory is the only one supporting Sandifer's harassment claim, that claim will be subject to dismissal on summary judgment (as were the two cases cited by USPS in support of its argument).  But at the initial pleading stage, the Court cannot find that no claim has been plausibly pleaded on this basis.  *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  ("A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'").

Turning to USPS's argument that Sandifer failed to allege plausible facts of severe and pervasive harassment, the Court first notes the following (correct) statement of the law taken directly from USPS's brief:

> For harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Smith v. Harvey*, 265 F. App'x 197, *4 (5th Cir. 2008).  To determine whether an environment is hostile or abusive, the Court evaluates the totality of the circumstances, including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the employee's work performance."  *Id.*  This inquiry involves a subjective and objective component.  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993).  In addition to the plaintiff's subjective perception of the abusiveness of the environment, the environment must be such that a reasonable person would find it hostile or abusive.  *Id.*  That is, "the subjective perception must be objectively reasonable." *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003).

(Rec. doc. 44-2 at pp. 7-8)(emphasis added).

Applying these principles to Sandifer's complaint, the Court simply cannot find that Sandifer has failed to plausibly allege sufficient facts to establish severe and pervasive harassment. This inquiry requires consideration of the "totality" of the circumstances, which in this case consist of allegations (assumed to be true) that Pressley verbally abused, taunted and systematically harassed her by threatening to fire her, yelling at her and telling her that he would take away her job; forced her alone to ask permission to use the restroom; forced her to work overtime despite knowing of her medical restrictions, causing her to reinjure her back and to suffer a mental breakdown after which she was forced to take a leave of absence; and intercepted a telephone call to her supervisor by "screaming" at her so much that she again visited her doctors, who advised her to take a leave of absence.

Is Sandifer's subjective perception of the abusiveness of this alleged environment "objectively reasonable?" The Court cannot possibly determine the answer to that question in the present context and given the plethora of factual allegations here. In its effort to convince the Court otherwise, USPS moves away from discussing the "totality" of the circumstances and discusses each allegation individually, suggesting, for instance, that claims of being "excessively monitored" and "excessively stared at" are, standing alone, insufficient severe to alter the terms of one's employment. (Rec. doc. 44-2 at p. 10)(citing *Schultze v. White*, 127 Fed.Appx. 212, 217-18 (7th Cir. 2005)). But Sandifer's such allegations do not stand alone – they must be viewed as part of the totality of all of the circumstances alleged, including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes

with the employee's work performance." *Smith v. Harvey*, 265 Fed.Appx. 197, 202 (5th Cir. 2008).

Considering all of the factual allegations of the complaint against the pleading requirements imposed by Rule 8 and the cases construing it, the Court finds that Sandifer has alleged sufficient facts to state a claim that is plausible on its face and that her complaint contains "enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the her claim." *Lormand*, 565 F.3d at 255-57.[5]

For the foregoing reasons, it is hereby ordered that USPS's Motion to Dismiss is DENIED.

New Orleans, Louisiana, this  16th  day of      September      , 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[5] This conclusion is bolstered, in the Court's view, by the fact that the vast majority of the cases cited by USPS in support of its various arguments were decided either: (1) after trial on the merits or (2) on motions for summary judgment.

11